IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROOSEVELT WILLIAMS,            )
                               )
        Petitioner,             )
                               )
    vs.                        )   CAUSE NO. 3:16-CV-067
                               )
SUPERINTENDENT,                )
                               )
        Respondent.             )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus filed by Roosevelt Williams, a pro se prisoner, on February 12, 2016. For the reasons set forth below, the petition is **DENIED** pursuant to Habeas Corpus Rule 4 and the Clerk is **DIRECTED** to close this case.

## DISCUSSION

Williams filed a habeas corpus petition challenging MCF 15-10-292, a prison disciplinary proceeding held at the Miami Correctional Facility. On October 20, 2015, a Disciplinary Hearing Officer (DHO) found him guilty of Possession of an Electronic Device in violation of B-207. As a result, he was sanctioned with the loss of 30 days earned credit time and demoted to Credit Class 2. Williams raises five grounds as a basis for habeas corpus relief.

In Ground One, Williams argues that there was insufficient evidence to have found him guilty of having an unauthorized electronic device because he had proof he purchased the USB drive for use with his television while at a different prison. He argues that USB drives were permitted there. He argues that he should not be punished because the property officer missed finding the USB drive when he arrived at the Miami Correctional Facility where they are prohibited. If the USB drive had been found plugged into the television, Williams might have been able to convince the DHO that he was an innocent victim who did not know that USB drives were not authorized at the Miami Correctional Facility. However, the Conduct Report explains that it was found in "a cooler that had a small cut out in the side of it, making a space to conceal items and there was a SanDisk 64 GB USB drive inside of the cooler." DE 1 at 8. Williams admits the USB drive was his.

In determining whether there was sufficient evidence, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support

or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here. Concealing the USB drive in the cooler is some evidence that Williams knew that it was unauthorized at the Miami Correctional Facility. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Williams argues that he was denied an impartial decision maker because the DHO believed Williams was guilty after reading the conduct report and did not believe that a receipt from the other prison was proof that Williams was not guilty.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975).

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). As explained in Ground One, the receipt from the other prison did nothing to rebut the facts in the Conduct Report which recounted

that Williams admitted he owned the USB drive. Indeed, the receipt corroborated his ownership and thereby reinforced that the conclusion that he was knowingly hiding it in the cooler. Nothing here indicates that the DHO was biased and Ground Two is not a basis for habeas corpus relief.

In Ground Three, Williams argues that he was denied a written copy of the basis for finding him guilty. Specifically he complains that there is no explanation for why his exculpatory evidence was rejected. However, as previously discussed, the receipt for the USB drive was not exculpatory because it did not explain why Williams was hiding the USB drive in a cut out in his cooler. Rather it merely reaffirmed Williams' admission that he owned the USB drive. Hearing reports must contain a written explanation for why the inmate was found guilty, but the constitutional requirements are "not onerous" and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). In this case, the Hearing Report explained, "DHB finds offender guilty of Poss. Of Unauth. Elec. Device based on Conduct Report, photo of evidence." DE 1 at 14. This adequately explains why the DHO found Williams guilty and Ground Three is not a basis for habeas corpus relief.

In Ground Four, Williams argues that the evidence supported finding him guilty of a lesser related charge. Even if true, because there was some evidence that he was guilty as charged, Ground Four is not a basis for habeas corpus relief.

In Ground Five, Williams argues that he was denied due process because his hearing was witnessed by guards and other inmates in violation of prison rules. However, the violation of a prison rule is not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Moreover, the Sixth Amendment guarantees the right to a public trial in criminal cases, so there is clearly no Constitutional requirement that prison disciplinary hearings be held in private.

Williams also argues that he was denied due process because the DHO spoke in private to a prison employee before making a decision in his case. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd*., 266 F.3d 759, 767 (7th Cir. 2001). Therefore that was not a violation of due process and Ground Five is not a basis for habeas corpus relief.

CONCLUSION

For the reasons set forth above, the petition is **DENIED** pursuant to Habeas Corpus Rule 4 and the clerk is **DIRECTED** to close this case.

DATED: August 3, 2016                    /s/RUDY LOZANO, Judge
                                                  United State District Court